# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

In Re: )
) **JUDGE RICHARD L. SPEER**
Bonnie J. Kudela )
)
Debtor(s) ) Case No. 09-38113
)
)

## DECISION AND ORDER

This cause comes before the Court on two opposing Motions for Summary Judgment: the Trustee's Motions and the Debtor's Motion. In support of their respective Motions, each of the Parties submitted supporting memoranda setting forth their legal positions. The Court has now had the opportunity to review the arguments submitted by the Parties, as well as the entire record in this case. Based upon this review, the Court, for the reasons set forth herein, finds that the Trustee's Motion for Summary Judgment should be Granted; and that the Debtor's Motion for Summary Judgment should be Denied.

## FACTS

On November 23, 2009, the Debtor, Bonnie J. Kudela (hereinafter the "Debtor"), filed a petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code. (Doc. No. 1). The Debtor is 80 years of age. Prior to filing for bankruptcy relief, the Debtor, as a beneficiary, received proceeds from a life insurance policy owned by her husband. The Debtor's husband passed away in March of 2008.

The remaining proceeds of the life insurance policy total $46,817.15, and are now held in three bank accounts. In filing for bankruptcy relief, the Debtor claimed these funds as exempt pursuant to O.R.C. § 2329.66(A)(6)(b) and § 3911.10. The bankruptcy trustee, Louis Yoppolo (hereinafter the "Trustee"), has objected to the Debtor's claim of exemption in the life insurance proceeds, filing a

In re: Bonnie J. Kudela
Case No. 09-38113

motion with the Court for the turnover of the funds. It is on this matter that each of the Parties filed their respective Motions for Summary Judgment.

## DISCUSSION

The issue before the Court is whether the Debtor, as the beneficiary under a life insurance policy maintained by her deceased husband, is entitled to claim the proceeds received under the policy as exempt. Determinations concerning the allowance of exemptions from property of the estate are deemed to be a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). Accordingly, in this matter, this Court has the jurisdictional authority to enter final orders and judgments. 28 U.S.C. § 157(b)(1).

On the matter before the Court, both the Trustee and the Debtor filed a Motion for Summary Judgment. The standard for summary judgment is set forth in Federal Rule of Procedure 56(c), which is made applicable to this proceeding by Bankruptcy Rules 7056. It provides for in part: A party will prevail on a motion for summary judgment when "[t]he pleadings, depositions, answers to interrogatories, and admission on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2252, 91 L.Ed.2d 265 (1986). With respect to this standard, the moving party must demonstrate all the elements of the cause of action. *R.E. Cruise Inc. v. Bruggeman*, 508 F.2d 415, 416 (6th Cir.1975). In making this determination, the Court is directed to view all the facts in a light most favorable to the party opposing the motion. *Matsushita v. Zenith Radio Corp.*, 475 U.S. 574, 586-588, 106 S.Ct. 1348, 1348, 1356, 89 L.Ed.2d 538 (1986).

When a debtor files for bankruptcy relief, all their interests in property become, by operation of law, property of an estate. 11 U.S.C. § 541(a). In a case proceeding under Chapter 7 of the Bankruptcy Code, property of the bankruptcy estate is subject to administration by a trustee, who is statutorily charged with expeditiously collecting, and then reducing to money, property of the estate

Page 2

In re: Bonnie J. Kudela
Case No. 09-38113

for distribution to the debtor's creditors. 11 U.S.C. § 704(a)(1). A debtor's claim of exemption serves as an exception to this general rule, with the Bankruptcy Code providing that a debtor's interest in certain types of property may, notwithstanding its status as estate property, be exempted from the claims of creditors. 11 U.S.C. § 522(b)/(c).

Exemptions promote a variety of public-policy aims: (1) providing the debtor with that property which is necessary for their survival; (2) enabling the debtor to rehabilitate themselves; and (3) protecting the debtor's family from the adverse effects of impoverishment. *In re Malsch*, 400 B.R. 584, 587 (Bankr. N.D.Ohio 2008). For debtors who seeks relief under the Bankruptcy Code, exemptions also further one of the Code's primary aims: providing the debtor with a fresh-start. *Id.* at 587-88. Based upon their remedial function, exemptions are to be liberally construed in favor of a debtor. *In re Bunnell*, 322 B.R. 331, 334 (Bankr. N.D.Ohio 2005).

Nevertheless, exemptions are entirely creatures of statute, being in derogation of the common-law rule that all of a debtor's property is subject to execution for the payment of the debtor's legal obligations. *In re Wycuff*, 332 B.R. 297, 300 (Bankr. N.D.Ohio 2005). A debtor's intent to claim property as exempt will thus not be assumed. Instead, a debtor is required to take some affirmative action – usually by noting the claim of exemption and its statutory authority in bankruptcy schedule C – to claim property as exempt. *In re Brooks*, 227 B.R. 891, 893-94 (Bankr. W.D.Mo.1998).

For individuals domiciled in Ohio, such as the Debtor in this case, the right to exempt property in bankruptcy is determined by Ohio law as well as nonbankruptcy federal law. 11 U.S.C. § 522(b); O.R.C. § 2329.662. As authority for the position that her interest in the life insurance proceeds she received on the policy owned by her deceased husband is exempt, the Debtor cites to two provisions of the Ohio Revised Code: § 2329.66(A)(6)(b) and § 3911.10. Together, these provisions, generally, serve to exempt a debtor's interest in life insurance and other similar contracts.

Page 3

In re: Bonnie J. Kudela
Case No. 09-38113

The first provision, § 2329.66(A)(6)(b), provides:

> (A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:
>
>> (b) The person's interest in contracts of life or endowment insurance or annuities, as exempted by section 3911.10 of the Revised Code[.]

Section 3911.10, as referenced in this provision, then provides, in relevant part:

> All contracts of life or endowment insurance or annuities upon the life of any person, or any interest therein, which may hereafter mature and which have been taken out for the benefit of, or made payable by change of beneficiary, transfer, or assignment to, the spouse or children, or any persons dependent upon such person, or an institution or entity described in division (B)(1) of section 3911.09 of the Revised Code, or any creditor, or to a trustee for the benefit of such spouse, children, dependent persons, institution or entity, or creditor, shall be held, together with the proceeds or avails of such contracts, subject to a change of beneficiary if desired, free from all claims of the creditors of such insured person or annuitant.

As with other claims of exemption, the party objecting to the exemption, the Trustee in this case, has the burden of proving that the claim of exemption is improper. FED.R.BANKR.P. 4003(c).

For his burden, that the Debtor is not entitled to use O.R.C. § 2329.66(A)(6)(b) and § 3911.10 to exempt her interest in the proceeds she received from her deceased husband's life insurance policy, the Trustee focused on the following language contained at the end of § 3911.10: "free from all claims of the creditors of such insured person or annuitant." According to the Trustee, "[b]ased upon this language, R.C. § 3911.10 *only* provides an exemption of life insurance proceeds from the creditors of the insured, in this case Debtor's late husband, Charles R. Kudela, and *not* the creditors of Debtor, who is the beneficiary of such proceeds." (Doc. No. 23, at pg. 3) (emphasis in original). As support for his

Page 4

position, the Trustee cited to the case of *In re Huth*, 1998 WL 404153 (Bankr. N.D.Ohio 1998), rendered by another court in this judicial district, the Northern District of Ohio.

In *In re Huth*, the trustee sought the turnover of life insurance proceeds received by the debtor as a result of the postpetition death of her husband, whom was a co-debtor in the case. As is the situation in this case, the debtor claimed the life insurance proceeds exempt pursuant to O.R.C. § 2329.66(A)(6)(b) and § 3911.10. As is also the situation in this case, the debtor in *In re Huth* relied upon the liberal construction that is afforded to exemption statutes to support her claim that she was entitled to claim the life insurance proceeds she received from her husband's policy as exempt. The court in *In re Huth*, however, rejected the debtor's position, adopting instead the exact position advocated by the Trustee in the instant case.

In *In re Huth*, the Court first stated:

> The language of § 3911.10 specifically states that life insurance policy proceeds "shall be held . . . free from all claims of the creditors of such insured person." The "insured person" in this case is the deceased Mr. Huth. The statute clearly does not exempt life insurance proceeds from the creditors of Mrs. Huth as the beneficiary of Mr. Huth's life insurance policy. Even if it were the intent of the Ohio General Assembly to provide an exemption for life insurance proceeds received by a beneficiary, it is not a court's function to rewrite a statute to express that intent.

*Id.* at *2. The court in *In re Huth* then went on to observe:

> Additional support for the Court's holding may be found in the absence of any mention of O.R.C. § 3911.14 in Ohio's general exemption statute, O.R.C. § 2329.66. Section 3911.14 specifically provides that life insurance policy proceeds "shall not be subject to the claims of creditors of any beneficiary." No such language is found in O.R.C. § 3911.10. Furthermore, O.R.C. § 2329.66(A)(6)(b) only provides for an exemption 'in contracts of life or endowment insurance or annuities, as exempted by section 3911.10 of the Revised Code.' Section 3911.14 specifically is not incorporated into Ohio's general exemption statute. Accordingly, it follows that it was not the intent of

Page 5

the Ohio General Assembly to provide an exemption for life insurance proceeds received by a beneficiary who has filed for bankruptcy. Although this conclusion is unfortunate, it is not the function of the Court to create an exemption not provided for by the Ohio General Assembly.

This holding is not *sui generis*.

Although the reasoning was not addressed in detail, this same conclusion was also reached by an Ohio state court. In *Shapiro, Zamore & Associates, Inc. v. Westfield Life Ins. Co.*, 1994 WL 97619 (Ohio App. 8th Dist. 1994), the court held that where two spouses were judgment-debtors, and a life insurance policy had been issued in the name of the deceased husband, § 3911.10 did not operate to protect the wife as a beneficiary because she, "in addition to being the spouse of a debtor, is herself a debtor." Based upon the reasoning set forth in *In re Huth*, the Court finds this conclusion to be sound.

There are three necessary parties to a life insurance contact: (1) the insurer; (2) the insured; and (3) the beneficiary. 43 AM. JUR. 2d Insurance § 533. In this matter, the Debtor's deceased husband was the insured; the Debtor was the beneficiary. This distinction is critical. As recognized in *In re Huth*, the protection afforded by O.R.C. § 3911.10 only extends to and is limited to the insured, not a beneficiary.

Courts, when interpreting a statute, must "presume that the legislature says in a statute what it means and means in a statute what it says there." *State ex rel. Lee v. Karnes*, 103 Ohio St.3d 559, 564, 817 N.E.2d 76, 81-82 (2004) (internal citation omitted), citing *BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 124 S.Ct. 1587, 1593, 158 L.Ed.2d 338 (2004). For this purpose, when construing an Ohio statute, Ohio law mandates that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage." O.R.C. § 1.42. Also, "[w]ords and phrases that have acquired a . . . or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly." *Id.*

In re: Bonnie J. Kudela
Case No. 09-38113

It is, therefore, clear that the Ohio State Legislature, by designating only the 'insured' as the class of persons protected by O.R.C. § 3911.10, meant to exclude beneficiaries, and the proceeds they hold from a life insurance policy, from the scope of the statute's protections. The recent action by the Ohio state legislature reinforces this conclusion.

Effective September 30, 2008, the Ohio state legislature caused significant changes to be made to Ohio's exemption law, notably increasing the dollar amount afforded by many of Ohio's exemptions. 2008 Ohio Laws File 122 (Sub. S.B. 281). The legislature, however, at this juncture did not change or alter O.R.C. § 3911.10, which remained the same both before and after September 30, 2008. In light of the decisions rendered in *In re Huth* and *Westfield Life Ins. Co.*, *supra*, this inaction is telling.

In *Carrel v. Allied Products Corp.*, the Ohio Supreme Court opined,

> According to principles of statutory construction, the General Assembly will not be presumed to have intended to abrogate a common-law rule unless the language used in the statute clearly shows that intent. Thus, in the absence of language clearly showing the intention to supersede the common law, the existing common law is not affected by the statute, but continues in full force. There is no repeal of the common law by mere implication.

78 Ohio St.3d 284, 287, 677 N.E.2d 795, 798-99 (1997). Thus, had it intended to expand the class of person's protected by O.R.C. § 3911.10, it follows that the Ohio state legislature would have acted accordingly when in 2008 it effectuated a comprehensive change to Ohio's law on exemptions.

It is the Debtor's position, however, that denying her an exemption in proceeds received from a life insurance policy does not comport with accepted jurisprudence. For this position, the Debtor relied heavily upon this Court's prior decision in *In re Bunnell*, 322 B.R. 331, 334 (Bankr. N.D.Ohio 2005), and this statement made therein: "Section 3911.10 sets forth three classes of protected beneficiaries: (1) a spouse; (2) children; or (3) a dependent of the insured." According to the Debtor,

Page 7

from this class of protected beneficiaries a "legislative intent is demonstrated that protects the policy proceeds for debtor beneficiary spouse." (Doc. No. 27, at pg. 4).

In *In re Bunnell*, the issue before the Court was whether a debtor's interest in a life insurance policy, that named her sister as the sole beneficiary, qualified as exempt under O.R.C. § 3911.10. Based upon a plain meaning approach, the Court held that the debtor's life insurance policy was not exempt because, within the meaning of the statute's protected class of beneficiaries, the debtor's sibling was neither a spouse or a child; nor had it been shown that the sibling was a dependent of the debtor.

However, whether a person falls within the protected class of beneficiaries provided in § 3911.10 is not dispositive of the policy's exempt status. As already explained, § 3911.10 specifically requires that to exempt a life insurance policy, the owner of the policy – that is, the insured – must be the debtor. Simply put, for a life insurance policy to be exempt under § 3911.10, not only must the debtor be the person insured under the policy, but the beneficiary designated in the policy must also fall within one of those classes of protected beneficiaries.

The Debtor's reliance on *In re Bunnell* is, thus, misplaced because it only addressed the issue of whether a beneficiary fell within one of the protected classes specified in § 3911.10. The decision did not address the issue, as presented in this particular case, of whether a beneficiary under a life insurance policy could claims the proceeds from the policy as exempt under § 3911.10. The Court's decision in *In re Bunnell*, therefore, has no precedential effect on the facts as they exist in this case.

As additional support for her position that accepted jurisprudence serves to exempt her interest in the proceeds she received under her husband's life insurance policy, the Debtor made two related points. First, according to the Debtor, at the time of her husband's death, she held a vested interest in his life insurance policy. Second, based upon this vesting occurring prepetition, the Debtor called

Page 8

attention to the fact that this is different from the circumstances presented in *In re Huth, supra,* where the death of the spouse occurred postpetition.

Under Ohio law, the Debtor is correct that upon the death of an insured, the beneficiary's interest in a life insurance policy ripens into a vested interest with the right to maintain suit on the policy as the real party in interest. 59 OHIO JUR. 3d Insurance § 1205. The Debtor also properly observes that in *In re Huth, supra,* the death of the spouse, unlike the situation in this case, occurred postpetition. However, insofar as it concerns the Debtor's qualification to claim an exemption under § 3911.10, these are distinctions without a difference.

Simply because the Debtor may have had an prepetition ownership interest in her husband's life insurance policy, does not mean that, as applied to O.R.C. § 3911.10, she gained the status of an insured under the policy. Ownership is distinct from the concepts of an insured and beneficiary under an insurance policy. An insured may be defined generally as the "person who obtains or is otherwise covered by insurance on his health, life, or property." BLACK'S LAW DICTIONARY 809 (6th ed. 1990). By comparison, a beneficiary is defined generally as the "person entitled to take proceeds on death of insured." *Id.* at 157. Consequently, the fact that the Debtor may have held a vested interest in her husband's insurance policy prior to seeking bankruptcy relief does not afford her the status of an insured under the policy so as to entitle her to make a claim of exemption under § 3911.10.

Similarly, the fact that hes interest may, unlike in *In re Huth,* have arisen prepetition does entitle the Debtor to use § 3911.10 to claim an exemption. To the contrary, it simplifies matters. In *In re Huth,* the relevancy of the debtor's spouse passing away postpetition was that it necessitated that the trustee take an extra step and rely on § 541(a)(5)(A)[1] to bring the life insurance proceeds received

---

[1] (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

Page 9

In re: Bonnie J. Kudela
Case No. 09-38113

by the debtor within the scope of estate property. Here, no such step is required, with the Debtor's interest in the proceeds of her husband's life insurance policy passing to the estate under the statute's general provision, § 541(a)(1).[2]

Finally, in support of her position that her interest in the proceeds she received under her husband's life insurance policy are exempt, the Debtor cited to the case of *In re Bess*, 47 B.R. 414 (S.D. Ohio 1985). In *In re Bess*, the Court found that a debtor could use § 3911.10 to claim an exemption in the surrender value of a life insurance policy where the debtor was both the insured and the beneficiary. The trustee in *In re Bess* had argued that this dual status, arising because the debtor and her spouse on a single life insurance policy named the other as a beneficiary, precluded the allowability of the exemption. But this is not the situation here, with the Debtor never being an insured under her husband's life insurance policy. Consequently, as with the Debtor's reliance on this Court's decision *In re Bunnell*, the holding of *In re Bess* does not extend to the factual situation presented in this particular case.

In conclusion, O.R.C. § 2329.66(A)(6)(b) and § 3911.10 do not confer upon the Debtor the right to claim as exempt the proceeds she received as a beneficiary on the policy insured on the life of her husband. This is not to say that the Debtor, being a widow 80 years of age, does not present a

---

[2]

(5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date–

(A) by bequest, devise, or inheritance;

The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

Page 10

In re: Bonnie J. Kudela
Case No. 09-38113

sympathetic situation. However, this Court is not free to create an exemption where none exists. *In re Wycuff*, 332 B.R. 297, 300 (Bankr. N.D.Ohio 2005). As such, the insurance proceeds held by the Debtor are subject, as estate assets, to administration by the Trustee.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Motion for Summary Judgment filed by the Trustee, Louis Yoppolo, be, and is hereby, GRANTED; and that the Motion for Summary Judgment filed by the Debtor, Bonnie J. Kudela, be, and is hereby, DENIED.

**IT IS FURTHER ORDERED** that the Trustee's Motion for Turnover be, and is hereby GRANTED.

**IT IS FURTHER ORDERED** that the Debtor forthwith turnover to the Trustee those life insurance proceeds she holds in her accounts.

Dated: March 8, 2010

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 11

# CERTIFICATE OF SERVICE

Copies were mailed this 8th day of March 2010 to:

Bonnie J. Kudela
1201 Portside Drive
Vermilion, OH 44089

Louis J Yoppolo
1200 Edison Plaza
300 Madison Avenue
Toledo, OH 43604

Robert J Gargasz
1670 Cooper Foster Park Rd, #C
Lorain, OH 44053

                                              /s/Jennifer S Huff
                                        Deputy Clerk, U.S. Bankruptcy Court